# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| United States of America ) | Criminal Action No. 5:14-cr-00556-JMC-2 |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Ruben Ceja-Rangel ) | |
| ) | |
| _____ ) | |

This matter is before the court pursuant to a motion by Defendant Ruben Ceja-Rangel ("Defendant") to suppress statements taken from him after his arrest on July 15, 2014. (ECF No. 213.) On February 25, 2015, the Government filed a response to Defendant's motion to suppress the statements. (ECF No. 185.) For the following reasons, the court **DENIES** Defendant's motion.

## I.     RELEVANT BACKGROUND TO THE PENDING MOTION

Defendant was indicted on September 3, 2014, by a Federal Grand Jury on one count of conspiracy to commit kidnapping, one count of substantive kidnapping, one count of conspiracy to commit hostage taking, two counts of possession and brandishing of a firearm in furtherance of crimes of violence, one count of knowingly making a false statement or representation to a Department or Agency of the United States, and one count of felon in possession of a firearm. (ECF No. 55.) Defendant, a native Spanish speaker, moved to suppress statements taken after his arrest on the grounds that they were not given freely and voluntarily, that he was not advised of his *Miranda* rights prior to his questioning, and that his questions and responses were not conducted by a certified non-law enforcement neutral translator. (ECF No. 213 (calling into question the objectivity and accuracy of the translated statements).)

## II.     LEGAL STANDARD AND ANALYSIS

*Miranda* warnings are required when a subject is interrogated while in custody. *Miranda*

1

*v. Arizona*, 384 U.S. 436, 471 (1966).  Where a defendant challenges the admissibility of a statement under *Miranda*, "the government bears the burden of establishing by a preponderance of the evidence that the statement was not the product of custodial interrogation conducted in the absence of *Miranda* warnings."  *United States v. Bello-Murillo*, No. 1:13–cr–00310–GBL–3, 2014 WL 6682630, at *2 (E.D. Va. Nov. 14, 2014) (citing *Colorado v. Connelly*, 479 U.S. 157, 168 (1986)).  *Miranda* holds that "[t]he defendant may waive effectuation" of the rights conveyed in the warnings "provided the waiver is made voluntarily, knowingly and intelligently." *Moran v. Burbine*, 475 U.S. 412, 421 (quoting *Miranda*, 384 U.S. at 444)).  The inquiry has two distinct dimensions: (1) waiver of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and (2) waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  *Id.*

"A statement is involuntary under the Fifth Amendment only if it is 'involuntary' within the meaning of the Due Process Clause."  *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997).   The test for determining whether a statement is voluntary under the Due Process Clause "is whether the confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'"
*Id.* (citing *Hutto v. Ross*, 429 U.S. 28, 30 (1976)).  Courts must consider the "'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation."  *Id.* at 781 (citing *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987)).

"'Except' in unusual circumstances, an interpreter is no more than a language conduit and therefore his translation does not create an additional level of hearsay.'" *United States v.*

2

*Vidacak*, 553 F.3d 344, 352 (4th Cir. 2009) (quoting *United States v. Martinez–Gaytan*, 213 F.3d 890, 892 (5th Cir. 2000)). "'[W]here the particular facts of a case cast significant doubt upon the accuracy of a translated confession, the translator or a witness who heard and understood the untranslated confession must be available for testimony and cross-examination' before the statement can be admitted." *Id.* (citing *Martinez–Gaytan*, 213 F.3d at 891). The factors in making this determination are: 1) which party supplied the interpreter; 2) whether the interpreter had a motive to mislead or distort; 3) the interpreter's qualifications and language skills; and 4) whether actions taken subsequent to the conversation were consistent with the statements translated. *Id.* (citing *Martinez-Gaytan*, 213 F.3d at 892).

Defendant's statements were translated by an Agent of the Federal Bureau of Investigation supplied by the Government. (ECF No. 228 at 38.) The court observes that the Government indicated at the March 30, 2015 pretrial hearing that the interpreter would be at trial. (ECF No. 241.) Defendant was advised of his *Miranda* rights and signed the Spanish version of the Advice of Rights form. (ECF No. 228 at 38, 42 (referring to the signed waiver form).) The Government has met its burden of demonstrating that the *Miranda* warnings were properly given.

## IV.    CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's motion to suppress statements taken from him after his arrest. (ECF No. 213.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 9, 2015
Columbia, South Carolina

3