# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Government, ) | |
| v. ) | Criminal Action No. |
| ) | 5:14-cr-00556-JMC |
| Ruben Ceja-Rangel, ) | |
| ) | **ORDER AND OPINION** |
| Defendant. ) | |
| ) | |

This matter is before the court pursuant to a motion by Defendant Ruben Ceja-Rangel ("Defendant") to exclude the trial testimony of Omar Gomez-Suarez ("Gomez"). (ECF No. 212.) In its Omnibus Opposition to Defense Motions, the Government filed a response in opposition to Defendant's motion to exclude Gomez's trial testimony. (ECF No. 228 at 15-18.) For the following reasons, the court **DENIES** Defendant's motion.

## I.    RELEVANT BACKGROUND TO THE PENDING MOTION

Defendant was indicted on September 3, 2014, by a Federal Grand Jury on one count of conspiracy to commit kidnapping, one count of substantive kidnapping, one count of conspiracy to commit hostage taking, two counts of possession and brandishing of a firearm in furtherance of crimes of violence, one count of knowingly making a false statement or representation to a Department or Agency of the United States, and one count of felon in possession of a firearm. (ECF No. 55.)

On October 21, 2014, Special Agent ("SA") Luke Davis interviewed Gomez at the Lexington County Detention Center ("Detention Center"). (ECF No. 228 at 7.) Gomez was cooperating with the Government pursuant to a plea agreement, which required that he provide truthful information about all criminal activities for which he had

knowledge.  (ECF No. 228 at 15.)  Gomez indicated that he had shared a cell with co-defendant Juan Manuel Fuentes-Morales ("Fuentes-Morales") for about two weeks and was also placed in a cell with co-defendant, Luis Castro-Villeda ("Castro").  (ECF No. 241.)  Gomez indicated that he had information to provide regarding the kidnapping case, which he had obtained from his contact with Fuentes-Morales and Castro.  (ECF No. 241.)  In addition to incriminating Fuentes-Morales and Defendant in the kidnapping, this information included a note depicting the organizational structure of the alleged drug trafficking organization.  (ECF No. 241.)  Gomez also indicated that he had never spoken with Defendant while incarcerated at the Detention Center.  (ECF No. 212.)

## II.     LEGAL STANDARD AND ANALYSIS

The issues presented are whether Gomez's statements, which he obtained from co-defendants Fuentes-Morales and Castro, are inadmissible hearsay and whether they would violate Defendant's Confrontation Clause rights.  The Federal Rules of Evidence ban the introduction of hearsay testimony at trial.  *United States v. Dargan*, 738 F.3d 643, 649 (4th Cir. 2013).  Rule 804(b)(3) provides that a statement made by an unavailable declarant is admissible if it is one that a "reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency to . . . expose the declarant to civil or criminal liability."  *Id.* (adding that invocation of the Fifth Amendment right not to testify qualifies one as unavailable within the meaning of Rule 804(b)(3)).

The statement must also be "supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to

expose the declarant to criminal liability." *Id.* The Fourth Circuit has enumerated several factors relevant to this inquiry, including:

> (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement, (2) the declarant's motive in making the statement and whether there was a reason for the declarant to lie, (3) whether the declarant repeated the statement and did so consistently, (4) the party or parties to whom the statement was made, (5) the relationship of the declarant with the accused, and (6) the nature and strength of independent evidence relevant to the conduct in question.

*Id.* at 650 (citing *United States v. Kivanc*, 714 F.3d 782, 792 (4th Cir. 2013)). The Government bears the burden of demonstrating the self-inculpatory quality of the statements and the corroborating circumstances of its trustworthiness. *Id.* at 649.

The Government has met its burden. Having claimed their privilege not to testify, Fuentes-Morales and Castro are unavailable within the meaning of Rule 804(b)(3). (ECF No. 228 at 18 (indicating that Fuentes-Morales and Castro are exempt from testifying).) The context and content of the challenged statements indicate their self-inculpatory quality: Fuentes-Morales and Castro made statements to a cellmate, and thus had no obvious motive to shift blame or curry favor; the statements and the note were intrinsically inculpatory as they demonstrated significant details about the crime. *See id.* (analyzing similar factual circumstances).

The Government has also met the corroborating circumstance requirement: Fuentes-Morales and Castro had not pled guilty at the time of their statements, and thus remained exposed to the penal consequences attached to their alleged crimes; the statements were made to a cellmate, and thus they had no motive to manipulate their narrative; and the statements regarding the kidnapping have been confirmed by independent evidence – among others, the hostage's description of the events leading to

3

his rescue and evidence related to the phones employed during the crime. (ECF No. 241.)

Defendant also argued that the introduction of out-of-court statements made by Fuentes-Morales and Castro would violate his constitutional right to confronting the witnesses. (ECF No. 212.) The Confrontation Clause of the Sixth Amendment provides that "'[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Dargan,* 738 F.3d at 650. "This provision bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)).

A statement must be testimonial to be excludable under the Confrontation Clause. *Id.* (citing *United States v. Udeozor,* 515 F.3d 260, 268 (4th Cir. 2008)). "The primary determinant of a statement's testimonial quality is 'whether a reasonable person in the declarant's position would have expected his statements to be used at trial—that is, whether the declarant would have expected or intended to 'bear witness' against another in a later proceeding.'" *Id.* (citing *Crawford*, 541 U.S. at 52). The statements made by Fuentes-Morales and Castro were not made with an eye towards trial. *See id.* at 651 (discussing similar factual circumstances). Defendant's reliance on *Bruton v. United States*, 391 U.S. 123 (1968) is misplaced. *See id.* (distinguishing *Bruton*, which held that admission of codefendant's confession that implicated defendant at joint trial violated Confrontational Clause rights). *Bruton* is irrelevant in the context of non-testimonial statements. *Id.* Statements that do not implicate the Confrontation Clause, do not implicate *Bruton*. *Id.* (citing *United States v. Clarke*, 717 F.3d 790, 816 (10th Cir.

4

2013)). The statements made by Fuentes-Morales and Castro to Gomez are non-testimonial statements; therefore, they do not implicate the Confrontation Clause.

### IV. CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's motion to exclude Gomez's trial testimony.

**IT IS SO ORDERED.**

April 14, 2015
Columbia, South Carolina

*J. Michelle Childs*
United States District Judge